NICOLÁS QUINTANA, peticionario, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE SAN JUAN, HON. WILFRIDO ROBERTS, JUEZ, demandado; CRÉDITO E INVERSIONES DE SAN MIGUEL, INC., interventora.

*Número:* O-75-283      *Resuelto:* 5 de septiembre de 1975

*Luis Muñoz Rivera,* abogado del peticionario; *Francisco Ponsa Feliu, Francisco Ponsa Flores* y *Wilson Colberg,* abogados de la interventora.

PER CURIAM: En el caso que motiva este incidente se trabó embargo contra ciertas obras de arte entre las que se encontraba un retrato al óleo de la esposa del peticionario, obra de un conocido pintor puertorriqueño. El peticionario solicitó que se excluyera dicho retrato, alegando que no está sujeto a embargo de acuerdo con las disposiciones del Art. 249 del Código de Enjuiciamiento Civil, 32 L.P.R.A. sec. 1130. El Tribunal Superior declaró sin lugar la solicitud del peticionario y éste acude ante nos mediante petición de *certiorari.* Con fecha de 12 de junio de 1975 expedimos contra la parte demandante en el pleito original una orden de mostrar causa por la cual no debía expedirse el auto de *certiorari* y revocarse la resolución del tribunal de instancia.

El Art. 249, dispone en su inciso 2 que estarán exentas de ejecución las siguientes propiedades:

"El necesario ajuar de casa, de mesa y de cocina, perteneciente al deudor declarado tal en la sentencia, incluyendo una máquina de coser del uso de la familia o perteneciente a una mujer, estufa, y sus accesorios, camas, ropas y armaduras de cama, cuyo valor no exceda de doscientos (200) dólares; *vestidos, cuadros colgantes, pinturas al óleo y dibujos dibujados o pintados por algún miembro de la familia, y retratos de familia con sus marcos;* provisiones realmente destinadas al uso individual o de la familia, en cantidad suficiente para un mes; una vaca con su cría y una cerda con su crianza." (Bastardillas nuestras.)

■ El retrato al óleo de la esposa del demandado está claramente incluido en la frase, "retratos de familia." Los retratos de miembros de la familia están exentos de embargo independientemente de su valor económico y de la identidad del pintor. Se entiende que ello sea así, pues el legislador en la parte aplicable del Art. 249 busca a todas luces proteger un interés sentimental que no es susceptible de medida monetaria. El interés sentimental se deriva del tema de la pintura y no de su autor.

■ Aun de estimarse que pudiese caber duda sobre la interpretación de la disposición citada, se recordará que las exenciones de embargo deben interpretarse liberalmente a favor del deudor y la "tendencia judicial debe ser la de resolver las dudas en favor de la exención". *Marty* v. *Ramírez*, 75 D.P.R. 858, 865 (1954).

*Se revocará la resolución del Tribunal Superior y se ordenará excluir del embargo trabado por la parte demandante el retrato al óleo de la señora esposa del peticionario.*